Criminal Appeals, it is ordered that said petition is hereby granted, and the decision of the United States Army Court of Criminal Appeals is affirmed.*

No. 15–8003/AR. Timothy B. Hennis, Petitioner v. Erica Nelson, Colonel, United States Army, Commandant, U.S. Disciplinary Barracks, United States Army, and United States, Respondents. On consideration of the petition for extraordinary relief in the nature of a writ of habeas corpus, it is ordered that said petition is hereby denied without prejudice to petitioner's right to raise the issue asserted during the course of normal appellate review.

No. 15–0146/AF. U.S. v. Rory M. Duran. CCA 38404. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to November 24, 2014.

**Wednesday, November 5, 2014**

No. 14–0744/NA. U.S. v. Allyssa K. Simmermacher. CCA 201300129. On consideration of the petition for grant of review of the decision of the United States Navy–Marine Corps Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issue:

> WHEN THE GOVERNMENT DESTROYS EVIDENCE ESSENTIAL TO A FAIR TRIAL, THE RULES FOR COURTS–MARTIAL REQUIRE THE MILITARY JUDGE TO ABATE THE PROCEEDINGS. HERE, THE GOVERNMENT NEGLIGENTLY DESTROYED THE SOLE PIECE OF EVIDENCE THAT PROVIDED THE BASIS FOR APPELLANT'S CONVICTION PRIOR TO BOTH THE REFERRAL OF CHARGES AND THE ASSIGNMENT OF DEFENSE COUNSEL. SHOULD THE MILITARY JUDGE HAVE ABATED THE PROCEEDINGS?

Briefs will be filed under Rule 25.

---

* It is directed that the promulgating order be corrected to reflect that the finding for specification 5, Charge II, as originally numbered, be changed to "Dismissed" to accurately reflect that the specification was dismissed on motion of the government at trial.